IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02790-REB-KLM

MOHAMED TOURE,

    Plaintiff,

v.

UNITED NATURAL FOODS, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on motion and stipulation under Fed. R. Civ. P. 26(b)(5), brought by Mohamed Toure, *pro se*, and United Natural Foods, Inc., through its counsel, Pryor Johnson Carney Karr Nixon, P.C. The Court being appropriately informed on this matter and good cause having been shown in support of entry of a protective order,

IT IS ORDERED:

1. This Protective Order shall apply to all documents in Mohamed Toure's employment file, which have been bates numbered TOURE-0001-0347. (Toure Employment File).

2. The moving parties agree and stipulate that the Toure Employment File (TOURE-0001-0347) shall be kept confidential and shall not be used, without the written consent of the party producing it or the Court, for any purpose outside of the present

litigation. The moving parties agree that the Toure Employment File, and any document therein (TOURE-0001-0347), shall be considered and remain confidential even if not specifically designated or marked as Confidential.

3. The moving parties further stipulate that other documents, materials, and information may be designated as confidential under this Stipulated Protective Order by providing notice to the parties that the information is considered confidential, which, in the case of documents, may be accomplished by labeling the documents with the term "CONFIDENTIAL," or identifying them as confidential in a disclosure or discovery response, or otherwise designating them as confidential on the record in the present case. Information designated as confidential under this Stipulated Protective Order shall not be used, without written consent of the party producing it or the Court, for any purposes outside of the present litigation.

4. For purposes of the present litigation, the information designated as confidential under this Stipulated Protective Order, including all information contained in the Toure Employment File, may be disclosed to: the named parties and their representatives; attorneys actively working on the case along with their staff and consultants; the Court and its employees; expert witnesses retained for purposes of providing opinions regarding this case to the extent such disclosure is necessary to prepare for and participate in trial and pre-trial proceedings; stenographic reporters participating in proceedings necessarily incident to this case; deponents, witnesses, and potential witnesses; and any other person designated by written agreement of the parties.

5.   A party may object to the designation of particular information as confidential by giving written notice to the party who designated the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received despite good faith effort to do so, it shall be the obligation of the party objecting to the confidentiality of the disputed information to request that the Court determine whether the disputed information should be subject to this Stipulated Protective Order pursuant to the Magistrate Judge's discovery procedures. If such a request is properly made with the Court, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order pending the Court's ruling on the request, the Court's ruling then controlling. In connection with a request made under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential. Further the parties stipulate that any documents designated as confidential, but which are the subject of a request made under this provision, shall be filed under seal and treated as a document filed under seal until such time as the Court rules on the subject request, and thereafter if the Court determines the information should be covered by the confidentiality protections arising out of this Stipulated Protective Order.

6.   At the conclusion of the case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as confidential under this Stipulated Protective Order shall be returned to the party that designated it as

confidential or the parties may elect to destroy documents designated as confidential under this Stipulated Protective Order. Where the parties agree to destroy documents, the destroying party shall provide an affidavit confirming destruction to the designating party.

7.   This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

_____
United States Magistrate Judge

SUBMITTED:

Dated: December 19, 2012

*Pro Se* Plaintiff

By: __/s/ Mohamed Toure__

PRYOR JOHNSON CARNEY KARR NIXON, P.C.

By: __/s/ Patrick A. Singer__
Patrick A. Singer, psinger@pjckn.com
*Attorneys for United Natural Foods, Inc.*

4